UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Patricia J. Wood,<br>                    Plaintiff,<br><br>vs.<br><br>Car City of Calabash, LLC d/b/a Car City<br>                    Defendants, | CASE NO.: _____<br><br>**COMPLAINT** |

The Plaintiff, by and through her undersigned attorney and complaining of the Defendant, would show unto this Honorable Court as follows:

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.*

2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with:

   a. A charge of employment discrimination on basis of age, gender and sexual harassment was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC");

   b. Notification of the Right to Sue was received from the Equal Employment Opportunity Commission on or about May 22, 2015; and

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Patricia J. Wood, is a citizen and resident of the State of South Carolina, and resides in the county of Horry, state of South Carolina.

4. All discriminatory employment practices alleged herein were committed within the county of Horry, state of South Carolina.

5. Defendant, Car City of Calabash, LLC d/b/a Car City, (hereinafter referred to as "Defendant"), upon information and belief is a corporate body existing under the laws of South Carolina with headquarters located in Conway, South Carolina.

6. Defendant is a "person" within the meaning of § 701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about April, 2012, Plaintiff began working for Defendant in the county of Horry, state of South Carolina, most recently as a Finance Manager.

11. During Plaintiff's employment with Defendant, Plaintiff was subjected to inappropriate sexual advances, comments and gestures on numerous occasions by Anthony Burke. Mr. Burke told the Plaintiff "I must say your as* looks mighty inviting in that position" as well as other inappropriate comments.

12. On or about June 4, 2013, Plaintiff reported Mr. Burke's behavior to Patricia Young, in the Defendant's Human Resource Department. Plaintiff also reported said sexual harassment to Co-Owner, Joe Reaves.

13. Plaintiff was advised by Defendant that they spoke with Mr. Burke regarding his inappropriate sexual comments and advances.

14. Even after the Defendant spoke with Mr. Burke about his inappropriate sexual advances, Mr. Burke approached the Plaintiff and said "Trish, you sure are sexy when you're angry".

15. Plaintiff was advised by Defendant that Mr. Burke would be transferred to another location no later than July 1, 2013.

16. Defendant did not transfer Mr. Burke to another location and actually promoted him to Manager at Plaintiff's location, where he became Plaintiff's supervisor.

17. That upon information and belief, Plaintiff was to be promoted to Manger, but because Plaintiff was fifty-two (52) years of age and her reporting the sexual harassment, she was retaliated against and passed over for the position.

18. That upon further information and belief, Defendant advised Mr. Burke that he could handle the Plaintiff however he saw fit.

19. Defendant began treating the Plaintiff harshly in retaliation for reporting the lewd and inappropriate behavior and sexual harassment.

20. That prior to the Plaintiff's constructive discharge, the Plaintiff requested FMLA.

21. Defendants failed and refused to provide the proper paperwork to the Plaintiff to fill out for her FMLA request.

22. Although the Defendants' failed and refused to provide the Plaintiff with said paperwork, they advised her that there would not be any problems with her taking FMLA.

23. Later, the Defendants stated that the Plaintiff did not take the proper steps to request her FMLA, which they stated was one of the reasons she was constructively discharged.

24. After the many complaints from the Plaintiff, Plaintiff was forced to continue to work with Mr. Burke wherein the harassment and inappropriate behavior continued, thereby creating a hostile work environment.

25. Plaintiff was fifty-two (52) years of age at the time of her employment with the Defendants. Upon information and belief, the Defendants, particularly now, Defendants' Manager, Mr. Burke, replaced the Plaintiff with a younger female in her 20's.

26. It was the duty of Defendant, by and through their agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

27. Despite Plaintiff reporting the behavior, Defendant did not take appropriate action to resolve the problems and instead disciplined the Plaintiff for reporting Mr. Burke's inappropriate sexual advances upon her.

28. That the unjust disciplinary actions and constructive discharge of Plaintiff with Defendant was the response by the Defendant, its agents and servants, due to Plaintiff's reports and complaints of lewd and inappropriate sexual behavior of Mr. Burke.

29. Following Plaintiff's complaints and following the retaliatory actions, the Plaintiff then was constructively discharged by Defendant on August 22, 2013.

30. That the aforesaid conduct of Defendant, its agents and servants, violates the United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e *et seq.*).

31. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
## SEXUAL HARASSMENT TITLE VII OF CIVIL RIGHTS ACT OF 1964

32. The Plaintiff reiterates and realleges each and every allegation set forth above, as if, fully stated herein verbatim.

33. Defendant's and Mr. Burke's actions against the Plaintiff were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

   a. In visual, physical, and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

   b. In continually allowing Mr. Burke to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner; and

   c. In refusing to remove the Plaintiff from the hostile work environment and sexual harassment.

34. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, Plaintiff has suffered injuries, both physically and mentally.

35. The Defendants violated the Civil Rights of the Plaintiff within Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e *et seq*.), 46 ALR Fed 224 by retaliating against Plaintiff and allowing a hostile work environment to exist regarding sexual harassment in the workplace.

36. As a direct and proximate result of the acts and practices of Defendant, the Plaintiff has suffered and continues to suffer from emotional pain and suffering, mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A SECOND CAUSE OF ACTION
## VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT

37. The Plaintiff reiterates and realleges each and every allegation set forth above, as if, fully stated herein verbatim.

38. Plaintiff is a member of a protected group on the basis of her age. Plaintiff was an employee for a position that she was qualified for and was an individual over forty (40) years old. Plaintiff was retaliated against and discharged from her position due to her age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the ADEA of 1967, as amended, 29 U.S.C. § 630.

39. Defendant was wanton, and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to promote or continue to employ Plaintiff due to her age;

    b. Defendant violated the Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e *et seq*.) and the ADEA of 1967, as amended, 29 U.S.C. § 630 by allowing the discrimination to exist in the workplace;

    c. Defendant violated Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e *et seq*.), 46 ALR Fed 224 and the ADEA of 1967, as amended, 29 U.S.C. § 630 by allowing a hostile work environment to exist regarding age discrimination in the workplace; and

    d. Plaintiff's age was a determining factor in the retaliation, disparate treatment and discharge of the Plaintiff. But for the Plaintiff's age, she would have received the promotion to Manager.

40. As a direct and proximate result of the acts and practices of Defendant in the discrimination, disparate treatment and wrongful discharge of Plaintiff from employment, the Plaintiff has suffered loss of income, past and future, lost of benefits, attorney fees and costs, and other past and future losses.

## FOR A THIRD CAUSE OF ACTION
## VIOLATION OF FAMILY MEDICAL LEAVE ACT

41. The Plaintiff reiterates and realleges the allegations set forth above, as if, fully stated herein verbatim.

42. The Plaintiff is informed and believes that upon her request, she was entitled to take leave pursuant to the Family Medical Leave Act of 1993 (29 U.S.C. §2601, *et. seq*.) and

upon the Plaintiff's return Defendants' retaliated against Plaintiff as a result of her having requested such leave is a violation of her rights under said statute.

43. The Defendants are a qualified "employer" subject to the said Family Medical Leave Act and this Court has jurisdiction to enforce the provisions of said statute as it is a Federal statute.

44. The Defendant's retaliated against Plaintiff following request and return from said medical leave constituted a violation of the Family Medical Leave Act of 1993 (29 U.S.C. § 2601, *et. seq.*).

45. Defendant's actions were done willfully, maliciously, wantonly and were done recklessly in an intentional action designed to damage the Plaintiff.

46. Accordingly, Plaintiff is informed and believes that she is entitled to compensatory damages in the nature of the value of her lost wages and benefits, front pay, together with interest thereon, as well as liquidated damages, punitive damages and her reasonable attorney's fees and costs for the bringing of this action.

## FOR A FOURTH CAUSE OF ACTION
## RETALIATION

47. The Plaintiff reiterates and realleges each and every allegation set forth above, as if, fully stated herein verbatim.

48. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions as well as other positions and was an exemplary employee in all respects. Upon reporting the sexual harassment, Plaintiff was constructively discharged from her position in retaliation for asserting her rights under 42 U.S.C. § 1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e *et seq.*), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

49. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. § 1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §§ 2000e *et seq.*), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

50. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

51. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## REQUEST FOR RELIEF

52. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

53. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

54. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

**WHEREFORE, Plaintiff prays for the following relief:**

   a. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

   b. Prejudgment interest, costs and attorneys fees as may be allowed by law;

   c. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits with interest, she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

      d.      Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

      e.      Judgment in favor of the Plaintiff and against Defendant for pain and suffering, embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact;

      f.      Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper; and

      g.      For such other and further relief as this Court deems just and proper.

**WIGGER LAW FIRM, INC.**

*s/J. Morgan Forrester*

_____

J. Morgan Forrester (Federal Court #12126)
8086 Rivers Avenue, Suite A
North Charleston, South Carolina 29406
(843) 553-9800

*Attorney for the Plaintiff*

North Charleston, South Carolina

This 17th day of August, 2015.